IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIMAL AHUJA,<br><br>Plaintiffs,<br><br>v.<br><br>BEAUTIFUL BROWS, LLC,<br>SALEEMA DELAWALLA, and<br>SALEEM DELAWALLA,<br><br>Defendants. | Case No.:_____<br><br>TRIAL BY JURY DEMANDED |

# COMPLAINT

**COMES NOW PLAINTIFF, VIMAL AHUJA** (hereinafter designated as "Mrs. Ahuja" or "Plaintiff"), by and through her attorneys, and files this Complaint against Defendants Beautiful Brows, LLC, Saleem Delawalla, and Saleema Delawalla, and in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1.  This action is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA"), which provides mandatory compensation to employees of minimum wage, overtime wages, and precludes the termination of an employee for opposing unlawful policies and practices in violation of the FLSA. Plaintiff seeks relief for unpaid minimum wage, unpaid overtime compensation, liquidated damages, costs, attorney's fees,

declaratory and/or injunctive relief, due to Defendants' intentional violations of the FLSA. In support of her allegations, Plaintiff states as follows:

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendants reside in and conduct business within this District, and the parties agreed by contract to resolve disputes in DeKalb County, Georgia.

## PARTIES

3. Defendant Beautiful Brows, LLC (hereinafter "Beautiful Brows") is a Georgia corporation and regularly conducts business in the State of Georgia.

4. Beautiful Brows maintains its principal place of business at 5002 North Royal Atlanta Drive, Suite M, Tucker, Georgia 30084.

5. Beautiful Brows d/b/a The Arches Threading Lounge operates eight retail cosmetology stores in Georgia and Alabama.

6. Defendant Saleema Delawalla is a resident of the State of Georgia and transacts business in the State of Georgia. Defendant Saleema Delawalla is the Owner and President of Beautiful Brows, and maintains operational control over

Beautiful Brows, including control over personnel and employment policies and practices.

7. Defendant Saleem Delawalla is a resident of the State of Georgia and transacts business in the State of Georgia. Defendant Saleem Delawalla is the Owner and Principal of Beautiful Brows, serves as the Registered Agent of Beautiful Brows, and maintains operational control over Beautiful Brows, including control over personnel and employment policies and practices.

8. Beautiful Brows, Mr. Delawalla and Mrs. Delawalla are hereinafter referred to collectively as "Defendants."

## ALLEGATIONS OF FACT

9. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

10. Defendants hired Mrs. Ahuja during June of 2014.

11. Mrs. Ahuja, during the applicable statutory period, was employed by Defendants to perform repetitive cosmetology focused services for Beautiful Brows' clients at Beautiful Brows' place of business in the Riverchase Galleria in Hoover, Alabama.

12. During her employment, Plaintiff was an employee of Defendant within the meaning of FLSA §203(e).

13. Mrs. Ahuja, at all relevant times herein prior to her termination, was an hourly, non-exempt employee of Beautiful Brows.

14. Mrs. Ahuja, at all relevant times herein prior to her termination, was directly supervised by Defendants Mr. and Mrs. Delawalla.

15. Mrs. Ahuja was not compensated for her time spent performing the Wednesday activities on behalf of Defendants.

16. Defendants also required Mrs. Ahuja to be on call during the majority of her days off work.

17. Mrs. Ahuja was not compensated for her time on call on behalf of Defendants.

18. On or about December 31, 2014, Defendants encouraged Mrs. Ahuja to enter into a contract titled "Employee Profit Sharing Agreement," a true and correct unsigned copy of which is attached hereto as **<u>Exhibit "A"</u>** (the "Employee Profit Sharing Agreement").

19. Defendants drafted the Employee Profit Sharing Agreement without input from Mrs. Ahuja.

20. This agreement required Plaintiff to pay to Beautiful Brows the sum of fifty thousand dollars ($50,000). Plaintiff agreed to the profit sharing plan and paid Defendants Fifty Thousand Dollars ($50,000).

21. In return, Beautiful Brows would compensate Plaintiff an hourly wage at the rate of $10.00 per hour plus 25% of the net profits of the Riverchase Galleria location, along with 25% of the net sales of retail inventory at such location.

22. Plaintiff never received any ownership interest in Beautiful Brows.

23. Upon information and belief, Defendants concocted the Employee Profit Sharing Agreement as a scheme to avoid compensating employees, including Mrs. Ahuja, as required by the FLSA.

24. While Plaintiff received pay checks from Defendants, her total compensation during her employment was less than Plaintiff's mandatory fifty thousand dollar ($50,000) payment to Beautiful Brows.

25. As a result, during her employment Mrs. Ahuja's net income was negative and Defendants personally profited from her.

26. Further, the paychecks did not even compensate Plaintiff for all time worked. Specifically, Defendants required Mrs. Ahuja to perform functions of her employment every Wednesday, her normal day off work, which included creating financial reports and making deposits at the bank.

27. On or about March 24, 2016, Defendants terminated Mrs. Ahuja for the pretextual reason "unmitigated insubordination vis-à-vis [her] refusal and unwillingness to work the schedule required by [her] Employer."

28. Mrs. Ahuja requested reimbursement of her fifty thousand dollars ($50,000) during the conversation. Defendants refused to return her payment and moved forward with her termination.

29. In reality, Defendants terminated Mrs. Ahuja to avoid compliance with the minimum wage requirements of the FLSA and to retain her fifty-thousand dollar payment ($50,000) pursuant to the Employee Profit Sharing Agreement.

30. The termination letter from Defendants' counsel to Plaintiff, a true and correct copy of which is attached hereto as **Exhibit "B"**, notified Plaintiff of her termination and Defendants' refusal to return Plaintiff's fifty thousand dollar ($50,000) payment.

31. Defendants' policies and practices violated the FLSA as Plaintiff was required to perform job duties for which she was not compensated.

32. As a result, Plaintiff worked for Defendants as an employee for fifteen months and, rather than earning any income whatsoever, actually lost money.

33. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiff.

## RECORD KEEPING

34. Upon information and belief, Defendants failed to keep appropriate records as required by the FLSA, with respect to Plaintiff, sufficient to determine

wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

35. Defendants specifically failed to keep appropriate records relating to Mrs. Ahuja's compensable work time on Wednesdays and time spent "on call" for days she was not physically present in the retail location but required to respond to business needs.

### CAUSE OF ACTION
### COUNT ONE
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF FLSA, 29 U.S.C. §§ 206, 207, 215(a)(2)

36. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

37. Plaintiff was required by Defendants to contribute Fifty Thousand dollars ($50,000) pursuant to the "Employee Profit Sharing Agreement" as a condition of her employment and primarily for the benefit or convenience of Defendants.

38. As a net result of this mandatory contribution, Defendants failed to pay Plaintiff the statutorily applicable minimum wage for all hours worked, in violation of the FLSA.

39. As a net result of this mandatory contribution, Defendants further failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular

rate of pay in hours in a work week in excess of forty (40), in violation of the FLSA.

40. Defendants' conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

41. As a result of the foregoing, Plaintiff was illegally denied proper minimum wage and overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff hereby demands judgment against Defendants, and prays for the following relief:

    a. A declaratory judgment that Beautiful Brows has willfully and regularly violated the Fair Labor Standards Act;

    b. A monetary judgment for the amount of Plaintiff's unpaid minimum wage, overtime compensation earned, in such amounts to be determined at trial, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

- 9 -

      c.      And, such other, further and different relief as this Court deems appropriate.

Filed this <u>30th</u> day of <u>August</u>, 2016.

                        By: *Bricker S. Daughtry*
                        Bricker S. Daughtry (Ga Bar#663833)
                        Adam B. Land (Ga Bar#075641)
                        Attorneys for Plaintiff

**FORTSON, BENTLEY AND GRIFFIN, P.A.**
2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia  30606
706.548.1151
706.559.0161 (fax)
bsd@fbglaw.com
abl@fbglaw.com